O’Neall, J.,
delivered the opinion of the Court.
As to the defendant, Patterson, the complainant having consented that the decree should be so modified, as to limit his accountability to the purchase made by Leith, and M’Bride, the decree is, in this respect, modified accordingly: and all the other questions in relation to this defendant are reserved until the master’s report shall be made, and decided upon by the Circuit Court.
The only questions now to be considered relate to the defendant, Gibbes; and these are; first, whether he is protected by the statute of limitations: second, how far he is liable in the first instance; and how far in the event of Patterson’s being unable to perform the eventual decree.
In the case of Wright v. Hamilton, decided by the Court of Appeals, at Columbia, in December, 1830, (2 Bailey, 51,) it was held, that a sheriff could not avail himself of the statute of limitations, in an action against him for money collected under fi. fa., until four years after a demand for payment had been made on him. The principle decided by that case applies with full force to that now before us. The office of master of the Court of Equity is, in some respects, perfectly analogous to that of sheriff of the Court of Law. Both are the receiving officers of their respective Courts. They both, in this capacity, receive and hold, for the parties, the money to which they may be intitled; and neither of them could be forced to pay over money by a suit, until a demand had been made: nor would either, generally be liable for interest until payment had been required, and neglected, or refused to be made. In the case of the master, where it is his duty to make interest on money, and he either failed to do so, or actually received it, he would of course be liable for interest. It would follow from these premises, that the statute of limitations could *485 not, in most cases, be any protection to the master, for a failure to perform a duty which he' owed to a party, and for the performance of which no specific time was fixed.
In this case the complainant’s minority, for a great part of the time which has elapsed, would be an effectual answer to the defendant’s statutory defence. After maturity he had the right to demand from the defendant an account of the proceeds of the sale of his land; but until that demand was made, he could not have a cause of action against him: much loss could the defendant until then be skid to hold the funds in a right hostile to the complainant. I am very much disposed to say, that a public officer can never plead the statute of limitations against an account, unless he can shew, that, more than four years before the suit was brought, he put himself on the assertion of a right hostile to the complainant, as by refusing to account on demand; or that notice had been given to the complainant, that he ceased to hold the funds as an officer, and claimed them in his own right. In the case under consideration, the sale was made under an order of the Court of Equity, directing the master to apply the interest of the proceeds, and so much of the principal, as might be necessary for the maintenance, and education, of the complainant; the surplus to be improved by the master on interest, or invested in public securities. This made the defendant, Gibbes, as master, the complainant’s trustee; and of course he cannot, in that point of view, plead the statute of'limitations, until he had previously divested himself of that trust by discharging it, or by denying his liability to discharge it further. It does not appear that a demand was made upon the defendant to account, before the filing of this bill. If it had been, it was for him to have shewn, that it was made sufficiently long to have given him the protection of the statute.
The case of Thompson v. Wagner, and Gibbes, 3 Desaus. 94, cannot be considered as an authority to govern this, or any other case; for the Court acknowledging, that, generally, the master cannot plead the statute, places its allowance, as a protection in that case, on special circumstances.
On the second question, it appears to me, that the defendant, Gibbes, is liable, in the first instance, for the loss which the complainant may have sustained by the agreement to suspend the interest on the bonds of Leith, and M’Bride, until they obtained possession of the whole of the land sold them. This was a stipulation which he had no right to make, and was a plain and palpable violation, both of his general duty as an officer of the Court, and of his special duty under the order of sale, for which the complainant has a right to look to him for compensation. It was he who committed the wrong, and even if it had *486 been done with the sanction of Patterson, it was the sanction of one having no authority to give it. It was therefore nugatory, and cannot excuse this defendant. It cannot have the effect of throwing the responsibility on Patterson; for under the order of sale the master is made the manager of the fund, to improve it at interest, or in government securities for the benefit of the complainant. If he violated this trust by the advice of another, having no control over the fund, he must abide the consequences. We have no right to visit them on the head of his adviser; for he owed no duty to the complainant in this respect, and of course there can be no consequent liability.
But as to the residue of the complainant’s claim arising out of Leith and M’Bride’s purchase, I think Patterson should be first liable; and in the event of his inability to perform the decree, then the defendant, Gibbes, must be also liable. It ajrpears that the defendant, Gibbes, was authorized to expend the interest, and so much of the principal as might bo necessary, for the complainant’s maintenance. Under this order he paid to Patterson, who had no authority'Eo receive it, the cash payment of $500, and turned over to him Leith and M’Bride’s bonds for the balance. Patterson’s receipt of the money, and the bonds; was in the supposed character of guardian, when in truth he was not guardian: and although he was not legally the complainant’s trustee, yet this act made him a voluntary' one; and in that assumed, and voluntary character, he must account for the funds which he re-' ceived. But as the defendant Gibbes, had no authority to make the payment to him, he stands in the character of guarantor of Patterson’s ability to make the account.'
The defendants must therefore account, jointly, for the sum of $500, and the interest thereon, and the principal of Leith and M’Bride’s bonds. In that account they will be allowed credit for any proper, and reasonable advances, made by Patterson for the maintenance, and education of the complainant, at the dates, when they were respectively made; and a credit must also be allowed for the relative value of that part of the land, which was recovered by Youmans, as of the date of the purchase made by Leith and M’Bride, together with the costs and expenses of the suit brought for the recovery of the land from the time when they were paid by Leith and M’Bride. After making these deductions, if any balance should be left on Leith and M’Bride’s bonds, the defendants must be charged, jointly, with the interest on the balance from the date of the recovery of the land by Youmans. The defendant, Gibbes, must be charged, alone, with whatever loss the complainant may have sustained by his agreement that Leith and M’Bride should not pay any interest on their bonds until they had -recovered the whole of the land.
*487 It is therefore ordered, and decreed, that the case be referred to the , ’ . . . . , master to state the accounts between the parties, on the principles contained in this decree. The costs to be paid by both of the defendants.
Johnson, J., and Harper, J., concurred.

Decree modified.